**NOT FOR PUBLICATION**

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 25-10164
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

_Plaintiff-Appellee,_

_versus_

BENJAMIN CEDRIC GRADDY,

_Defendant- Appellant._

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:23-cr-00157-WFJ-SPF-1
_____

_____

No. 25-10191
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

_Plaintiff-Appellee,_

2                    Opinion of the Court                    25-10164

*versus*

BENJAMIN CEDRIC GRADDY,

                                        *Defendant- Appellant.*

————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:19-cr-00014-WFJ-AAS-1

————————————

Before NEWSOM, BRASHER, and ANDERSON, Circuit Judges.

PER CURIAM:

Benjamin Graddy appeals his 144-month sentence for possession of a firearm by a convicted felon and his 24-month imprisonment sentence for revocation of supervised release. Graddy argues that the district court's 144-month sentence, a 39-month upward variance from the guideline range of 84 to 105 months, was substantively unreasonable because the district court improperly weighed his criminal history and the need for adequate deterrence and did not account for the other 18 U.S.C. § 3553(a) factors.

When reviewing a sentence for substantive reasonableness, we consider the totality of the circumstances under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). The party challenging the sentence bears the burden of establishing that it is unreasonable based on the record and the § 3553(a) factors. *United States v. Shabazz*, 887 F.3d 1204, 1224 (11th Cir. 2018). An indicator of a reasonable sentence is one that is well

below the statutory maximum for the crime. *United States v. Dougherty*, 754 F.3d 1353, 1364 (11th Cir. 2014).

We will vacate a defendant's sentence as substantively unreasonable if, on review, we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation marks omitted). The district court abuses its discretion if it: "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Id.* at 1189 (quotation marks omitted). An unjustified reliance on a single factor may be a "symptom" of an unreasonable sentence. *United States v. Kuhlman*, 711 F.3d 1321, 1327 (11th Cir. 2013). The district court, however, does not have to give all the factors equal weight and is given discretion to attach greater weight to one factor over another. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1254 (11th Cir. 2015). The district court's failure to discuss mitigating factors cited by the defendant does not indicate that the court "erroneously 'ignored' or failed to consider this evidence." *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007). The court's "acknowledgment that it has considered the § 3553(a) factors and the parties' arguments is sufficient." *United States v. Butler*, 39 F.4th 1349, 1356 (11th Cir. 2022).

The district court must issue a sentence that is "sufficient, but not greater than necessary" to comply with the purposes of 18 U.S.C. § 3553(a)(2).  18 U.S.C. § 3553(a).  These purposes include the need for a sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from future criminal conduct. *Id.* § 3553(a)(2).  Additional considerations include the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the need to avoid sentencing disparities among similarly situated defendants, the need to provide restitution to victims, and the pertinent policy statements of the Sentencing Commission. *Id.* § 3553(a)(1)–(7).  "Placing substantial weight on a defendant's criminal record is entirely consistent with § 3553(a) because five of the factors it requires a court to consider are related to criminal history." *Rosales-Bruno*, 789 F.3d at 1263.

The district court also has discretion to impose an upward variance based on the § 3553(a) factors and is not bound by the guideline range or the government's recommended sentence. *See, e.g.*, *United States v. Early*, 686 F.3d 1219, 1221-23 (11th Cir. 2012) (affirming a 210-month sentence, a significant upward variance from the government's guideline-based recommendation of 78 months).  We do not presume that a sentence outside of the guideline range is unreasonable but give deference to the district court's decision that the § 3553(a) factors support its chosen sentence. *Irey*, 612 F.3d at 1187.  We must determine whether the variance is supported by a "sufficiently compelling" justification, with major

variances requiring "more significant justification[s]" than minor ones. *Gall*, 552 U.S. at 50. We have held that sentences were substantively unreasonable where the district court did not adequately consider the guideline range. *See United States v. Pugh*, 515 F.3d 1179, 1200 (11th Cir. 2008) (holding that the district court erred in not giving any "real weight" to the guideline imprisonment range of 97 to 120 months when sentencing the defendant to probation). "The district court may vary upward based on conduct that was already considered in calculating the guideline range." *United States v. Oudomsine*, 57 F.4th 1262, 1268 (11th Cir. 2023) (citation modified).

Here, the district court did not abuse its discretion in imposing a 144-month sentence. Graddy argues that the district court did not provide an adequately compelling justification to support the degree of upward variance it imposed, but the district court need not discuss every § 3553(a) factor and the court acknowledged the parties' arguments and the § 3553(a) factors before setting Graddy's sentence. *Amedeo*, 487 F.3d at 833; *Butler* at 1356. The district court specifically explained that it imposed an upward variance because of the nature of Graddy's offense, the need to protect the public, the need for specific deterrence, and the need to avoid further crimes. Furthermore, although the government requested a 90-month sentence that it argued would account for Graddy's criminal history and recidivism, the district court was not bound by the government's sentencing recommendation and acted within its discretion in determining that the government's sentence would be insufficient. *Early*, 686 F.3d at 1221-23. The district court acted

within its discretion to give more weight to the need for future deterrence over other sentencing factors by considering Graddy's extensive history of recidivism. *Rosales-Bruno*, 789 F.3d at 1254. The fact that the district court's sentence was 60% higher than the government's requested one does not mean it is unreasonable because there is no presumption that a sentence above the Guidelines is unreasonable, and the court is not bound by the government's recommendation. *Irey*, 612 F.3d at 1187; *Early*, 686 F.3d at 1221 23. Additionally, Graddy's 144-month sentence is still 3 years below the statutory maximum, further indicating its reasonableness. *Dougherty*, 754 F.3d at 1364.

The district court did not abuse its discretion by more heavily considering Graddy's long criminal history, which included firearms and violence. Moreover, the offense here happened only a few months into his supervised release term. Graddy's history reasonably led the district court to find that Graddy was not "amenab[le] to supervision" and needed to be given a longer sentence. Lastly, at the end of the hearing, the district court stated it hoped this sentence would be the end of Graddy's difficulty with the criminal justice system, suggesting that the court imposed the upward variance with the intention to help Graddy avoid future criminal conduct.

**AFFIRMED.**